# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY LATRELL GIVENS, :
:
    Petitioner, :
:
v. : No. 4:18-CV-993
:
UNITED STATES OF AMERICA, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### JUNE 6, 2018

**I.  BACKGROUND**

Gregory Latrell Givens, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is the United States of America. The required filing fee has been paid.

Following a jury trial in the United States District Court for the Northern District of Iowa, Petitioner was found guilty of being a felon in possession of ammunition and possession with intent to distribute crack cocaine. *See United States v. Givens*, 763 F.3d 987, 988 (8th Cir. 2014)  He was sentenced to a 262 month term of confinement on July 19, 2013.

Following a direct appeal, Petitioner's conviction and sentence were affirmed on August 15, 2014. *See id.* A petition for writ of certiorari was denied by the Supreme Court of the United States on March 2, 2015. *See Givens v. United States*, 135 S. Ct. 1520 (2015). Petitioner also admits that he previously filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was denied on or about April 2016. *See* Doc. 1, p. 3.

Givens' pending action claims that he is entitled to federal habeas corpus because he is factually innocent of the cocaine related offense. Specifically Petitioner contends that the trial court lacked subject matter jurisdiction because the arrest warrant issued against him was not supported by a showing of the requisite drug amount of at least twenty-eight (28) grams of cocaine base. *See* Doc. 1, p. 4. In addition, Petitioner argues that the jury was never instructed that it had to find a quantity of twenty-eight (28) grams of cocaine base. Givens further indicates that evidence used against him was obtained in illegal searches of his car and residence in violation of the Fourth Amendment.

In partial support of his arguments, Petitioner relies upon the United States Supreme Court's decision in *Burrage v. United States*, 134 S.Ct. 881 (2014). The *Burrage* Court in addressing a sentencing enhancement issue held that death results from drug trafficking only when the use of the controlled substance is the "but for" cause of the victim's death. The Supreme Court added that a penalty enhancement

can only be applied if a jury finds beyond a reasonable doubt that the victim's use of a drug distributed by the defendant was a "but for" cause of death.

## II. DISCUSSION

### A. Respondent

Givens names as sole Respondent the United States of America. It is initially noted that the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. *See* 28 U.S.C. § 2242. Accordingly, the USP-Lewisburg Warden will be deemed the Respondent in this matter.

### B. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-CV-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**B.     *Dorsainvil***

Since he initiated his action before this Court, Givens is apparently arguing that he may bring his present claims of an unconstitutional conviction by way of a § 2241 petition. It would appear that it is Givens' contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[1] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Here, Givens is clearly challenging the validity of his cocaine related conviction from the Northern District of Iowa. Thus, he must do so by following the requirements of § 2255. As previously noted, Givens states that he filed a counseled motion to suppress, direct appeal, and a § 2255 action.

It is noted that "the Supreme Court has not made *Burrage* retroactive." *Alvarez v. Hastings*, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); *Gibson v. Thomas*, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court did not make *Burrage* retroactive to

cases on collateral review as such it does not fall within the narrow *Dorsainvil* exception); *Harrington v. Holland*, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (*Burrage* is not a decision which is retroactively applicable to cases on collateral review).  Accordingly, Petitioner's reliance on *Burrage* in seeking relief under § 2241 is misplaced.

With respect to Petitioner's Fourth Amendment claims that improperly seized evidence was used against him, those claims were previously unsuccessfully asserted in both a pre-trial motion to suppress evidence as well as in Petitioner's direct appeal before the Eighth Circuit.  *See Givens*, 763 F. 3d at 988.  Given's pending action does not indicate that his similar, pending Fourth Amendment claims are based upon any new evidence or under a new ruling given retroactive effect by the Supreme Court.  Since the merits of Petitioner's Fourth Amendment arguments have been previously raised and addressed on their merits, he is not entitled to further review of those arguments under § 2241.

Givens' instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law.  Nor has he shown that he was unable to present his claims via direct appeal or a § 2255 proceeding.  As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there

must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

It is evident that, Petitioner's pending claims do not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Given the above discussion, especially noting Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a *Burrage* based claim may be pursued via a § 2241 proceeding and that the merits of his Fourth Amendment claims have already been addressed on their merits, it is apparent that under the present circumstances, habeas corpus review is not appropriate here.

Givens' § 2241 petition will therefore be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition.

An appropriate Order follows.

BY THE COURT:

*s/ Mathew W. Brann*
Matthew W. Brann
United States District Judge